[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
The plaintiff instituted the present action to recover monetary damages for personal injuries sustained when he was struck by a golf ball as a result of the alleged negligence of the defendant. The defendant presented evidence to establish that prior to the striking of the golf ball, he looked and there was no one in the intended path of the golfball. After striking the golf ball he saw a golf cart, in which the plaintiff was riding, coming from the adjoining fairway into the rough of the defendant's fairway without stopping. He yelled "fore" and the ball struck the plaintiff.
"A court is empowered to set aside a jury verdict when, in the court's opinion, the verdict is contrary to law or unsupported by the evidence. . . . A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." (Internal quotation marks omitted). Marchell v. Whelchel 66 Conn. App. 574, 582 (2001). Moreover, "the evidence is viewed in the light most favorable to the prevailing party and to sustaining the verdict"; Ipacs v. Cranford, 65 Conn. App. 441, 443
(2001); and "the verdict should be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice . . . Only under the most compelling circumstances may the court set aside the verdict because to do so interferes with the litigants constitutional right in appropriate cases to have the issues of fact decided by the jury". (Internal quotation marks omitted) Hunte v. AmicaInsurance Co., 68 Conn. App. 534, 541 (2002).
The evidence submitted by the defendant, if credited, would be sufficient to justify a defendant's verdict. The plaintiff also claims that the jury did not deliberate for a sufficient length of time to justify the rendition of the verdict. (The court's record indicates that exceptions to the charge were taken at 4:15 p.m. and the verdict returned at 4:40 p.m.). However, the court is not aware of any rule concerning the CT Page 383 required length of jury deliberations. The plaintiff also made a claim with respect to an evidentiary ruling and that claim was orally withdrawn.
Accordingly, the motion to set aside the verdict is denied.
 ___________________ RUSH, J.
CT Page 384